UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN F. MESCALL,<br><br>                                  Plaintiff,<br><br>-against-<br><br>GEO RRM RESIDENTIAL COORDINATOR HALFWAY HOUSE TREATMENT CENTER, et al.,<br><br>                                  Defendants. | 23-CV-6927 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

*Pro se* Petitioner Sean F. Mescall ("Petitioner") brings this action against GEO RRM Residential Coordinator Halfway House Treatment Center ("GEO Respondent") and the Federal Bureau of Prisons ("FBP Respondent," together with GEO Respondent, "Respondents").[1] Before the Court is Petitioner's motion for a writ of habeas corpus, ECF No. 5. For the reasons provided herein, Petitioner's motion is DENIED as moot and Petitioner's claims are dismissed.

## BACKGROUND

On December 6, 2012, Petitioner was sentenced in the Western District of North Carolina to 168 months' imprisonment followed by three years of supervised release. ECF No. 11 at 1. As of March 2022, Petitioner was serving his sentence under home confinement in Newburgh, New York. *Id*. According to the FBP Respondent, Petitioner's maximum sentence expires on July 11, 2026, and with credit for good conduct time, is projected to satisfy his sentence by August 22, 2024. *Id*.

---

[1] Defendant GEO RRM Residential Coordinator Halfway House Treatment Center has not appeared in this action and does not join FBP Defendant's motion.

Petitioner commenced this action in April 2022 by filing a petition for a writ of habeas corpus (the "Petition"). ECF No. 5. Petitioner alleges that he is entitled to earned-time credit under the First Step Act ("FSA"), 18 U.S.C. § 3624(c), which would qualify him for release to post-release supervision. *Id*. at 1. Petitioner alleges that FSA time credits he earned while incarcerated at FCI Milan in Michigan and MDC Brooklyn were not applied to his sentence. *Id*. at 2. Petitioner seeks injunctive relief from the "unreasonable, ongoing delays under the Earned Time Credits Statute." *Id*.

FBP Respondent filed their response to Petitioner on May 26, 2022. ECF No. 11. On June 6, 2022, Petitioner filed his reply. ECF No. 13. The matter was transferred from the Eastern District of New York to this Court on August 10, 2023. ECF No. 22. On October 20, 2023, FBP Respondent filed a letter requesting that the Court dismiss the Petition as moot, because Petitioner was released from home confinement on August 23, 2023, and as of October 20, 2023, was serving his term of supervised release. ECF No. 22. Petitioner has not responded to this letter.

## DISCUSSION

"A case is deemed moot where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). To wit, where a plaintiff seeks to enjoin the conditions of custody, "[i]t is settled in this Circuit that a transfer from a prison facility moots [the plaintiff's] action for injunctive relief." *Id*.

Those principles govern here. Petitioner seeks injunctive relief concerning the "unreasonable, ongoing delays" in awarding or applying earned time credits. However, Petitioner has since been released. As "the problem [Petitioner] sought to be remedied has ceased," his

"case is deemed moot," and his claims are accordingly dismissed. *Prins*, 76 F.3d at 506; *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 449 (S.D.N.Y. 2011) (dismissing claims for injunctive relief relating to plaintiff's custody in prior facility as moot); *Puccio v. Ortiz*, No. 22-CV-5138 (CPO), 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) ("Petitioner's request for additional FSA time credits is moot due to his release from prison."). Petitioner's claims are therefore dismissed as moot.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a writ of habeas corpus is DENIED as moot. The Clerk of Court is directed to mail a copy of this Order to the *pro se* Petitioner and to close this case.

Dated: November 2, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3